IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:13-cr-366-G (01) |
| | § | |
| ABRAHAM CHAPA | § | |
| (BOP Register No. 46852-177), | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING CONSTRUED
<u>RULE 6(A) MOTION FOR DISCOVERY</u>**

Abraham Chapa, a federal prisoner, has filed a *pro se* motion to dismiss his counsel of record and requesting that counsel provide Chapa his case file. *See* Dkt. No. 107. Senior United States District Judge A Joe Fish has referred the motion to the undersigned United States magistrate judge, under 28 U.S.C. § 636(b), for hearing, if necessary, and for determination. The Court, construing Chapa's motion as seeking discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, DENIES the motion without prejudice to Chapa's reasserting the motion after receiving authorization from the United States Court of Appeals for the Fifth Circuit to file a successive motion under 28 U.S.C. § 2255.

**Applicable Background**

The applicable background as to Chapa's conviction, sentence, and direct appeal was set out in the Court's summary dismissal of his first Section 2255 motion:

> Petitioner pled guilty to conspiracy to distribute a controlled substance, and was sentenced to 360 months' imprisonment and a five-year term of supervised release. *United States v. Chapa*, No. 3:13-CR-0366-P-01 (N.D.

> Tex. Apr. 6, 2015); Crim. Doc. 97. On April 14, 2015, defense counsel, Scottie Allen, electronically filed a timely notice of appeal on behalf of Petitioner along with the $505 appellate filing fee. Crim. Doc. 99. The notice of appeal was signed electronically: "s/Abraham Chapa, *Appearing Pro se.*" Com. Doc. 99 (italics in original).
>
> On April 20, 2015, the United States Court of Appeals for the Fifth Circuit informed Petitioner that his *pro se* notice of appeal had been docketed, but that he had to take one of the following actions before his appeal could proceed: (1) retain an appellate attorney; (2) file a motion for appointment of CJA counsel along with a CJA 23 financial affidavit; or (3) clearly and unequivocally express his intent to proceed *pro se* in writing. *See United States v. Chapa*, No. 15-10327 (5th Cir. Apr. 20, 2015). The Court of Appeals also ordered Petitioner to advise within 30 days how he would proceed or his appeal would be dismissed for failure to prosecute. *Id.* Subsequently, on May 28, 2015, due to Petitioner's failure to comply with the April 20, 2015 notice, the Court of Appeals dismissed the appeal for want of prosecution. Doc. 101. Petitioner did not seek reconsideration of the dismissal in the Court of Appeals or in this Court.

*Chapa v. United States*, No. 3:16-cv-80-G-BK & 3:13-cr-366-P-01, 2016 WL 1622420, at *1 (N.D. Tex. Apr. 6, 2016), *rec. accepted*, 2016 WL 1613982 (N.D. Tex. Apr. 22, 2016).

More recently, on December 7, 2016, the Court transferred to the Fifth Circuit an unauthorized successive Section 2255 motion filed by Chapa, in which he sought collateral relief based on a recent amendment to the United States Sentencing Guidelines – Amendment 794, which revised not the text but the commentary to U.S.S.G. § 3B1.2. *See Chapa v. United States*, No. 3:16-cv-3199-G-BN, 2016 WL 7157221 (N.D. Tex. Nov. 18, 2016), *rec. accepted*, 2016 WL 7117385 (N.D. Tex. Dec. 7, 2016). And the Fifth Circuit has since denied Chapa authorization to file that motion. *See In re Chapa*, No. 16-11745 (5th Cir. Feb. 22, 2017) (per curiam).

The current motion, signed February 13, 2017, fails to specifically reference a pending Section 2255 motion but does assert that Chapa "is in dire need of his Case File to research/investigate and properly prepare any issues to be raised on post-conviction filings." Dkt. No. 107 at 2.

## Legal Standards and Analysis

While counsel may not select which portions of a client's case file are turned over to the client, *see Resolution Trust Corp. v. H----, P.C.*, 128 F.R.D. 647, 650 (N.D. Tex. 1989), Chapa's right to discovery is constrained here by the nature of the proceedings in which he seeks to use that discovery – "post-conviction" proceedings, *see Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.")

Instead, in habeas proceedings, as applicable here, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

> A petitioner demonstrates "good cause" under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks omitted). We have noted that Rule 6 of the Rules Governing § 2254 petitions "does not authorize fishing expeditions." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). "[T]he district court's decision regarding the availability of discovery is ... committed to the sound discretion of the district court, and is reviewed under the abuse of discretion standard." *Clark v. Johnson*, 202 F.3d 760, 765-66 (5th Cir. 2000).

*United States v. Fields*, 761 F.3d 443, 478-79 (5th Cir. 2014).[1]

Quite simply, however, the Court need not determine whether Chapa is entitled to discovery under Rule 6(a) because, if "'there is no § 2255 petition pending in this case,' 'the provisions of Rule 6(a) are simply inapplicable.'" *United States v. Prather*, No. 3:10-cr-218-D (01), 2016 WL 6893626, at *2 (N.D. Tex. Nov. 23, 2016) (quoting *United States v. Jeffries*, No. 1:07cr56, 2010 WL 785355, at *1 (W.D.N.C. Mar. 4, 2010)); *cf. Sprunger v. Thaler*, Civ. A. No. H-09-3627, 2010 WL 2331391, at *10 (S.D. Tex. June 9, 2010) ("'Simply put, Rule 6 does not authorize fishing expeditions.'" (quoting *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); citation omitted)); *Battaglia v. Stephens*, No. 3:09-cv-1904-B, 2013 WL 5570216, at *13 (N.D. Tex. Oct. 9, 2013) ("Battaglia asserts that 'discovery and analysis of court financial and payment records' might reveal an underlying impropriety. From his allegations, however, this assertion is based entirely on speculation. Discovery would not be justified for such a

---

[1] *See also Tucker v. United States*, Nos. 1:11-cv-8045-IPJ-PWG & 1:09-cr-0165-IPJ-PWG, 2014 WL 1032464, at *3 (N.D. Ala. Mar. 17, 2014) ("Unlike other civil litigants, a habeas petitioner 'ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards.'" (quoting *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011)); *United States v. Stone*, 824 F. Supp. 2d 176, 186 (D. Me. 2011) (examining the Advisory Committee Notes to Rule 6, which explain that "Rule 6 contains very little specificity as to what types and methods of discovery should be made available to the parties in a habeas proceeding, or how, once made available, these discovery procedures should be administered. Rather than providing specificity, the purpose of this rule is to get some experience in how discovery would work in actual practice by letting district court judges fashion their own rules in the context of individual cases in order to allow for more specific codification in the future. Thus, under the Rules, district courts retain substantial discretion in the conduct of §§ 2254 and 2255 cases." (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996); internal citations, quotation marks, and brackets removed).

'fishing expedition.'" (citations omitted)).

## Conclusion

The Court DENIES the motion to dismiss counsel of record and requesting that counsel provide Abraham Chapa his case file [Dkt. No. 107], construed as a motion seeking discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, without prejudice to Chapa's right to reassert the motion after receiving authorization from the United States Court of Appeals for the Fifth Circuit to file a successive motion under 28 U.S.C. § 2255.

SO ORDERED.

DATED: March 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE